IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL W. PRIEST,<br><br>   Plaintiff,<br><br>v.<br><br>JIM WINDER and OFFICER RANDOLF<br><br>   Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:16-cv-00696-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

### I.   INTRODUCTION

This case was referred to the court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) The matter is presently before the court on Plaintiff's motion to appoint counsel. (ECF No. 5.)

### II.   ANALYSIS

Although appointment of counsel is permitted in certain circumstances, a civil plaintiff has no statutory or constitutional right to the appointment of counsel. *See* 28 U.S.C. § 1915(e)(1). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Courts consider "the merits of a [plaintiff's] claims, the nature and complexity of the factual and legal issues, and a [plaintiff's] ability to investigate the facts and present his claims." *Id.*

Here, Plaintiff has suggested no basis for the appointment of counsel. He merely filed a two-sentence request for counsel, reminding the court that he was proceeding in forma pauperis. Additionally, the court finds that Plaintiff has demonstrated that he has the ability to present his claims in a simple and concise manner. Plaintiff described the basic facts underlying his claim

and the individuals he believes are responsible. Nonetheless, the court recognizes that counsel may subsequently become appropriate or necessary. Accordingly, the court will deny Plaintiff's motion to appoint counsel without prejudice.

### III.     ORDER

For the reasons discussed above, the court **DENIES** Plaintiff's motion to appoint counsel without prejudice. (ECF No. 5.)

Dated this 13th day of January 2017.       By the Court:

_____
Dustin B. Pead
United States Magistrate Judge