IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL W. PRIEST,<br><br>    Plaintiff,<br><br>v.<br><br>JIM WINDER and OFFICER RANDOLF,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-00696-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to Magistrate Judge Dustin Pead by Chief District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) On June 24, 2016, Plaintiff filed his complaint against Defendants. (ECF No. 3.) On September 12, 2016, Plaintiff filed a motion to appoint counsel, which the court later denied. (*See* ECF Nos. 5–6.) A mailing that contained the court's order denying the motion to appoint counsel was returned as undeliverable. (ECF No. 7.)

Pursuant to Federal Rule of Civil Procedure 4(m), Defendants should have been served a summons and complaint within 90 days after the complaint was filed. To date, more than 90 days have passed since Plaintiff filed his complaint and his amended complaint; however, Plaintiff has not provided the court with proof of service on Defendants and has not filed any motion regarding service of process. *See* Fed. R. Civ. P. 4(*l*)(1); 28 U.S.C. § 1915(d).

On January 31, 2017, the court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (*See* ECF No. 8.) The court warned Plaintiff that failure to respond would result in dismissal of this case. (*Id.*) Plaintiff did not respond to the court's order. Further, although Plaintiff provided a new address after the court denied his motion to appoint counsel, it appears Plaintiff has not furnished the court with a proper address. (*See* ECF No. 9.)

## **RECOMMENDATION**

Based on Plaintiff's failure to prosecute this case, the court **RECOMMENDS** the District Court **DISMISS** this case without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 10th day of April 2017.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge